

FILED
June 4, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____RR_____
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>SIDNEY M. WITTLIF, JR.<br><br>Defendant | Case No: SA:25-CR-00318-FB<br><br>**INDICTMENT**<br><br>**COUNT 1:** 18 U.S.C. § 933<br>Conspiracy to Traffic Firearms<br><br>**COUNT 2**: 26 U.S.C. § 5861(d)<br>Possession of Unregistered Firearm; 18 U.S.C. § 2 Aiding and Abetting |

THE GRAND JURY CHARGES:

### COUNT ONE
### [18 U.S.C. § 933]

From on or about September 30, 2024, the exact date being unknown, to on or about April 29, 2025, in the Western District of Texas, the Defendant,

**SIDNEY M. WITTLIF, JR.,**

and others, did knowingly conspire to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person in and affecting interstate and foreign commerce, having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, to wit: possession of an unregistered firearm and smuggling goods from the United States, all in violation of Title 18, United States Code, Sections 933(a)(1) and 933(a)(3).

### COUNT TWO
### [26 U.S.C. § 5861(d), 18 U.S.C. § 2]

On or about the 24th day of March, 2025, in the Western District of Texas, the defendant,

SIDNEY M. WITTLIF, JR.,

aided and abetted by another, knowingly possessed a firearm, to wit: a rifle having a barrel less than sixteen inches in length, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
[*See* Fed. R. Crim. P. 32.2]

**I.**
**Firearm Violation and Forfeiture Statutes**
**[Title 18 U.S.C. § 933(a)(1) and (3), subject to forfeiture pursuant to Title 18 U.S.C. § 934(a)(1)(A) and (B)]**

As a result of the criminal violation set forth in Count One, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. Forfeiture and Fines.**
> **(a) Forfeiture. --**
>   **(1) In general**. -- Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law--
>     (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>     (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .

**II.**
**Unregistered Possession Violation and Forfeiture Statutes**
**[Title 26 U.S.C. § 5841, 5861(d), and 5871, subject to forfeiture pursuant to Title 26 U.S.C. § 5872, made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violation set forth in Count Two, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 26 U.S.C. § 5872, made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

**Title 26 U.S.C. § 5872. Forfeitures**
    **(a) Laws applicable-** Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture. . .

### III.
### Money Judgment

Money Judgment: A sum of money representing the amount of proceeds traceable to the violations for which Defendant is liable.

### IV.
### Substitute Assets

If any property subject to forfeiture as a result of the offense(s) set forth in the Counts listed above;

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party ;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty;

as a result of any act or omission of the Defendant, it is the intent of the United States of America, to seek forfeiture of any other property of said Defendant, up to the value of the property listed above as being subject to forfeiture pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: _____
FOR ZACHARY W. PARSONS
Assistant United States Attorney

3